

The following constitutes
the order of the court. Signed October 6, 2017

_____
Stephen L. Johnson
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LESLIE VASQUEZ,<br><br>    Debtor. | Case No.: 14-50507 SLJ<br><br>Chapter 13<br><br>Date: September 21, 2017<br>Time: 10:00 a.m.<br>Ctrm: 3099 |

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO MODIFY PLAN

On April 18, 2017, Debtor filed a Motion to Modify Chapter 13 Plan ("Motion"). Debtor sought to amend two provisions of her confirmed chapter 13 plan: (1) to modify the interest rate paid on Wells Fargo's unsecured claim from 7% (the default rate under the form plan that was used) to 0%, and (2) to state that any attorney's fees authorized by the court would not be subject to discharge if unpaid by the plan. Devin Derham-Burk, chapter 13 trustee ("Trustee") objected to both changes. She argued the modified plan would take 67 months to complete, violating 11 U.S.C. § 1325(b)(1)(B) and § 1329(c). The Trustee also argued that attorney's fees must be paid under the plan and cannot be paid outside the plan.

ORDER GRANTING IN PART / DENYING IN PART MOTION TO MODIFY PLAN    1

The Motion came on for hearing at the above-referenced date and time. After hearing arguments from the parties, the court took the matter under submission. The Motion is granted in part and denied in part. The Trustee's objection is overruled.

DISCUSSION

1. Cause Exists to Allow Plan Length beyond 60 Months

A plan can be modified so that it extends beyond the 60-month limit imposed on plans as originally filed under § 1325(b)(1)(B). Section 1329(c) specifically states that a plan can be modified to extend beyond the 60-month period if the court, for cause, approves a longer period. "The statute [§ 1329(c)] does not define 'cause.' The courts, it seems, must determine 'cause' on a case-by-case basis." *In re Arnold*, 869 F.2d 240, 244 (4th Cir. 1989). I find cause here.

The Trustee argued the reason the plan needs more time stems from a mistake Debtor's counsel made in completing the form plan. By not selecting a lower (or 0%) interest rate, Debtor's plan has paid Wells Fargo interest when, apparently, that was not necessary. The Trustee referenced a number of notices that were provided to Debtor's counsel stating that it would be wise to check the postconfirmation status of Wells Fargo's arrearage payments, among other things.

Debtor's counsel does not seem to contest the point. But counsel has now recognized the problem and is seeking to correct it. The court's experience suggests that lawyers in consumer cases have a heavy lift getting their clients' plans confirmed. Details are sometimes sketchy, debtors can be disorganized and difficult to reach, and there are constant time pressures. I find counsel's acknowledgement of the problem and her attempt to rectify it to constitute "cause."

The Trustee also argued that Debtor had not demonstrated why a 67-month plan was required. She suggested that if Debtor increased her monthly payments, she might complete the plan, including the additional attorney's fees, in the original 60-month time frame. The Trustee offered no evidence to support her position that Debtor is capable of increasing the size of her payments; the court infers from the Motion that she is not and that is why she filed

ORDER GRANTING IN PART / DENYING IN PART MOTION TO MODIFY PLAN         2

the Motion. The Trustee offered no legal justification to support her view that Debtor, independently, has the burden of showing that an increased monthly payment is feasible.

The Motion is somewhat unclear about the relief that is being requested. It is difficult to determine if Debtor wants the payment to Wells Fargo to be changed retroactively. Because no law is offered to support such a change, I will determine that this change will only affect Wells Fargo prospectively. The Trustee has no obligation to try to recover money already paid to Wells Fargo or to reduce future payments for payments that have already been made but may have been too high. If Debtor disagrees, Debtor should file another motion and be more specific about the relief requested. Thus, if the Motion sought to retroactively change the payment to Wells Fargo, that relief is denied.

2. Counsel's Fees Can be Paid Outside the Plan at Debtor's Request

Debtor seeks an order providing that unpaid attorney's fees due at the conclusion of the plan are not discharged. Debtor contends this is permissible in view of § 1322(a)(2) which states that administrative claims must be paid under the plan "unless the holder of a particular claim agrees to a different treatment of such claim."

The Trustee argues that all professional fees must be paid under the plan pursuant to § 1322(a)(2). The Rights and Responsibilities filed in this case certainly supports that view, providing, "Fees shall be paid through the plan unless otherwise ordered." Certainly it is preferable for fees to be paid under a plan because doing so ensures that when the case is concluded, each debtor's liability for legal fees is satisfied. This leaves each debtor with the fresh start the Bankruptcy Code provides.

While it is a good idea and good practice, it is certainly not an absolute requirement of the Bankruptcy Code that debtor's counsel's fees be paid under the plan. Section 1322(a)(2) states that priority claims, such as attorney's fees (*see* § 507(a)(2), 503(b)(3)), need not be paid under the plan if the claimant agrees to a different treatment. And, the Rights and Responsibilities states "Fees shall be paid through the plan *unless otherwise ordered.*" (emphasis added).

ORDER GRANTING IN PART / DENYING IN PART MOTION TO MODIFY PLAN      3

The Bankruptcy Appellate Panel for the Ninth Circuit addressed the supposed requirement that fees must be paid under a plan in *In re Johnson*, 344 B.R. 104 (B.A.P. 9th Cir. 2006). In that case, the confirmed plan excepted attorney's fees remaining unpaid under the plan from being discharged. The Bankruptcy Court awarded fees subsequent to confirmation of the plan but held fees that were unpaid at the conclusion of the plan could not be collected after entry of discharge. The BAP reversed because that conclusion was both at odds with the plan, which stated that unpaid fees were not discharged and shall be paid directly by debtor after discharge, and not required by the Bankruptcy Code:

> Section 1322(b)(10) allows a chapter 13 plan to 'include any other appropriate provision not inconsistent with this title.' 11 U.S.C. § 1322(b)(10). In this case, the pertinent provision of the confirmed third modified plan is consistent with both the Bankruptcy Code and the Guidelines. Section 1322(a) provides that a chapter 13 plan shall provide for the full payment of priority claims, including administrative expenses 'unless the holder of a particular claim agrees to a different treatment of such claim.' 11 U.S.C. § 1322(a)(2) (emphasis added). In addition, section 1326(c) recites that the trustee shall make payments to creditors under the plan '[e]xcept as otherwise provided in the plan.' 11 U.S.C. § 1326(c). Here, Debtor and Attorney agreed to a treatment of Attorney's priority claim whereby Attorney waived his right to full payment under the plan as long as full payment was made directly by debtor after completion of the plan. This enabled Debtor to complete his plan payments without reducing or stretching out payments to other creditors. The Bankruptcy Code contemplates such arrangements, and the court confirmed a plan that explicitly provided such an arrangement. In addition, the Guidelines permit direct payment by debtors of attorneys' fees if the court permits it. The bankruptcy court permitted such payment in this case by confirming the third modified plan.

*Id.* at 107–08.

Nothing in the Bankruptcy Code bars the payment of fees outside the plan. Under the circumstances, it is permissible for Debtor to include a provision that counsel's fees may be reserved from any discharge she may receive.

The court notes that Debtor's response to the Trustee's objection seems to suggest that fees should be allowed without further order. Any fees requested would need to be approved by the court in advance of payment. *See* § 330(a)(4)(B), Fed. R. Bankr. P. 2002.

ORDER GRANTING IN PART / DENYING IN PART MOTION TO MODIFY PLAN   4

# CONCLUSION

For the above reasons, the Motion is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

*** END OF ORDER***

**COURT SERVICE LIST**

ECF Parties by Electronic Means Only

ORDER GRANTING IN PART / DENYING IN PART MOTION TO MODIFY PLAN    6